IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. JERRY WAYMON TRAVIS, aka JERRY WAYMON RAY

### Direct Appeal from the Circuit Court for Henry County
### No. 12746    Julian P. Guinn, Judge

---

### No. W2001-01914-CCA-R3-CD - Filed October 14, 2002

---

The defendant claims it was error for the trial court to sentence him to the Department of Correction for three years, then order one-year split confinement with the balance on Community Corrections. The defendant contends that a one-year split confinement sentence will require him to serve 1.2 months longer in confinement than a three-year sentence at 30% to the Department of Correction. We conclude the sentence imposed did not violate the principles of sentencing and, accordingly, affirm the judgment from the trial court as modified.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Guy T. Wilkinson, District Public Defender, and W. Jeffery Fagan, Assistant Public Defender, for the appellant, Jerry Waymon Travis.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 19, 2000, the defendant, Jerry Waymon Travis, aka Jerry Waymon Ray, pled guilty to facilitation of the sale of a Schedule II controlled substance, a Class D felony, and was sentenced

as a Range I standard offender to two years, to be served in split confinement.[1] The defendant was ordered to serve sixty days continuous confinement in the county jail and the remainder of the sentence in a Community Corrections program. While incarcerated, the defendant violated the terms of his Community Corrections sentence by introducing drugs into a penal system. After a re-sentencing hearing, the trial court enhanced the defendant's sentence based upon his prior history of criminal convictions and his previous unwillingness to comply with the conditions of parole, bail, or probation. See Tenn. Code Ann. § 40-35-114(1), (8). The trial court sentenced the defendant to three years in the Tennessee Department of Correction to be served in split confinement, with one year in continuous confinement and the balance to be served on Community Corrections.

The defendant appeals the trial court's sentence. Essentially, the defendant argues that the trial court erred by ordering him to serve one year in continuous confinement, because had he simply been sentenced to three years as a Range I offender, he would have been eligible for release after serving 30% of his three-year sentence, or approximately 10.8 months.

## Analysis

Assuming that a new sentencing hearing is conducted, a trial court generally has the authority to increase the length of a revoked Community Corrections sentence up to the maximum sentence within the appropriate sentence range for the offense. Tenn. Code Ann. § 40-36-106(e)(2); State v. Samuels, 44 S.W.3d 489, 493 (Tenn. 2001). In evaluating the propriety of the "new" sentence, it is the duty of this Court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

---

[1] The defendant was initially charged with and convicted by a jury of selling a Schedule II controlled substance. On appeal, this Court reversed the conviction and remanded for a new trial due to the trial court's failure to instruct the jury on the appropriate lesser included offenses. State v. Jerry Wayman Travis, 2000 Tenn. Crim. App. LEXIS 218 W1999-01089-CCA-R3-CD (Tenn. Crim. App., Jackson, Mar. 10, 2000). Thereafter, the defendant pled guilty to facilitation of a felony.

The defendant was convicted of facilitation of the sale of a Schedule II controlled substance, a Class D felony. The presumptive sentence to be imposed by the trial court for a Class D felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123.

In the instant case, the trial court found two applicable enhancement factors: (1), the defendant's prior history of criminal convictions and (8), the defendant's previous unwillingness to comply with the conditions of parole, bail, or probation. Tenn. Code Ann. § 40-35-114 (1), (8). The trial court increased the defendant's sentence from two years to three years. In addition, the trial court found that "[b]y law, this Court must consider alternative means of service, and so finds that this is an appropriate case to split the sentence and order it served split, with one year of continuous confinement and the balance in the Community Corrections Program."

The judgment reflects a three-year sentence in the Department of Correction, with one year to be served in continuous confinement and two years in Community Corrections. A defendant sentenced to split confinement may be ordered to serve up to one year in continuous confinement. However, the time is to be served in the local jail or workhouse. Tenn. Code Ann. § 40-35-306(a).

The defendant argues that the trial court's order of one year of continuous confinement violates the principles of sentencing because his release eligibility date would have occurred after serving 30%, or 219 days, had he been sentenced to serve his sentence in the Department of Correction. The defendant correctly points out that a trial court may not order a defendant sentenced to two years or less to serve a sentence of confinement that exceeds his or her release eligibility date. See Tenn. Code Ann. § 40-35-501(a)(3) (mandating that "inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date"). The instant defendant was sentenced to three years and is not entitled to automatic release upon reaching his release eligibility date. However, he contends that the trial court sentenced him outside the range for a Range I standard offender by extending his release eligibility date beyond 30%.

This issue was addressed by this Court in State v. Jeremy Michael Shelton, No. W2000-00457-CCA-R3-CD, 2001 WL 846029 (Tenn. Crim. App. July 20, 2001). Shelton involved an identical sentence and concluded as follows:

In our view, the sentence of split confinement does not violate the principles of sentencing merely because the defendant may have to serve 1.2 months more than he may have had to serve in the Department of Correction. As the state correctly notes, the defendant would have no right to conditional release prior to the expiration of his Department of Correction sentence. Greenholtz v. Inmates of the Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Daniels v. Traughber, 984 S.W.2d

918, 924 (Tenn. Ct. App. 1998); see Tenn. Code Ann. § 40-35-503(b) (1997) ("Release on parole is a privilege and not a right, . . . ."). Moreover, because the defendant is to be confined in the local jail, the trial court will retain full jurisdiction over the manner of service of his sentence. Tenn. Code Ann. § 40-35-212(c); see Tenn. R. Crim. P. 35, Committee Comment. At any time, the defendant may apply to the trial court to serve the balance of his sentence of confinement on probation. Tenn. Code Ann. § 40-35-306(c).

Id. at *6.

Accordingly, the judgment is modified to reflect a sentence of one-year confinement in the local jail, as opposed to the Department of Correction, followed by two years in Community Corrections.

_____
JOHN EVERETT WILLIAMS, JUDGE