# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 2, 2004 Session

## STATE OF TENNESSEE v. CLAY JONES

**Direct Appeal from the Circuit Court for Madison County**
**No. 00-685; 00-686     Donald H. Allen, Judge**

---

**No. W2003-01205-CCA-R3-CD  - Filed May 19, 2004**

---

JOE G. RILEY, J., concurring.

I concur in the result reached by the majority, but my reasoning differs somewhat.

When advising the defendant of the charges in the revocation warrant, the trial court stated the defendant was on community corrections for "a two-year sentence." After telling the twenty-one-year-old defendant he could have an attorney and before the defendant responded, the trial court then advised the defendant he could "admit to these violations" and would possibly be ordered to serve "this sentence or at least some portion" in the Tennessee Department of Correction. There was no mention of two sentences or the possibility of a future hearing to determine the sentence(s). The defendant then stated he would "just admit to them" without an attorney. The trial court then swore the defendant and the community corrections officer and questioned both as to the alleged violations. The questioning occupies over twenty pages of the trial court transcript. The defendant denied some of the charges. No mention was made of there being two cases until just prior to the trial court's announcing its findings on the revocation. No mention was made of the possibility of the defendant's having to serve four years instead of two years. The trial court set a sentencing hearing, apparently assuming the defendant would appear *pro se*. The defendant was immediately taken into custody and, according to the record, has remained incarcerated ever since.

It appears to me the defendant was misled by being told he faced the possibility of having to serve "this sentence," as opposed to both sentences, before he waived his right to counsel. However, the majority opinion concludes, and correctly I think, that there could be no revocation on the second case due to lack of notice. Thus, the end result, strangely enough, is that the defendant was, in fact, facing only one two-year revocation as a matter of law. I conclude, therefore, that the waiver was valid although I believe the issue is extremely close.

I would also note that it appears to me the issue is, as a practical matter, moot in light of our dismissal of the revocation in the second case. As I view the record, the defendant has more than served his two-year sentence.

The initial colloquy between the trial court and the defendant as to the right to counsel, or to proceed without counsel, at the revocation hearing could best be described as neutral. It certainly does not suggest that the defendant should have an attorney. However, I find nothing unlawful about the colloquy. Nevertheless, a waiver of counsel should generally be the exception rather than the rule. This is especially true in community corrections revocations where there must be an additional sentencing hearing in full compliance with the Sentencing Act. *See* State v. Samuels, 44 S.W.3d 489, 494 (Tenn. 2001). Defendants do have the right to counsel in revocation and sentencing proceedings, *see* State v. Daniel W. Livingston a/k/a Daniel Gooch, No. M1998-00471-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1271, at *6 n.1 (Tenn. Crim. App. Dec. 17, 1999), and my examination of records in other jurisdictions in this state does not often reflect that a defendant has waived the right to counsel at a revocation proceeding and/or sentencing proceeding.

Regardless, under the facts and circumstances of this case, I concur in the result reached by the majority.

_____
JOE G. RILEY, JUDGE