IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2004

## STATE OF TENNESSEE v. ALVIN DOBBINS, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-B-1219     Steve Dozier, Judge**

---

**No. M2003-03062-CCA-R3-CD - Filed September 8, 2004**

---

The Defendant appeals from an order of the trial court which found him to be in violation of the terms of his community corrections sentence. The trial court ordered that the remainder of the Defendant's sentence be served in confinement. On appeal, the Defendant argues that the trial court abused its discretion in ordering that the Defendant serve his sentence in confinement rather than allowing him to continue in the community corrections program. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Jefre S. Goldtrap, Nashville, Tennessee, for the appellant, Alvin Dobbins, Jr.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 11, 2001, pursuant to his plea of guilty, the Defendant was convicted of possession of over .5 grams of cocaine with intent to sell or deliver, a Class B felony. In accordance with his plea agreement, the Defendant was sentenced as a Range I standard offender to eight years in the Department of Correction, but was allowed to serve his sentence in the Community Corrections Program.

In an order entered November 14, 2002, the Defendant was found to be in violation of the terms of his community corrections sentence by testing positive for cocaine, failing to pay his supervisory fees, and failing to perform the required community service work. As a result of these

violations, the Defendant was ordered to perform an additional twelve hours of public service work each month, but was allowed to continue serving in the Community Corrections Program.

In an order entered December 17, 2002, the Defendant was again found to be in violation of his community corrections sentence by testing positive for the use of cocaine. As a result of this violation, the Defendant was ordered to serve one year in confinement, after which he was to return to the Community Corrections Program. In this order, the court provided that if the Defendant completed the "Lifelines Program" the court would consider suspending the balance of the one-year term of confinement. On September 19, 2003, the court granted the Defendant's petition for suspended sentence and placed him back on community corrections for six years.

A third community corrections violation warrant was filed on October 17, 2003, which alleged that the Defendant violated the terms of his community corrections by being arrested on new charges while out past the curfew established by his community corrections agreement. The warrant alleged that the Defendant had been arrested for possession of illegal drugs and possession of drug paraphernalia. Following an evidentiary hearing on this warrant, the trial court found that the Defendant violated the condition of his community corrections agreement requiring that the Defendant not "fraternize with any person who is a user or dealer or trafficker in an illegal controlled substance." Noting that the Defendant had twice previously been found to be in violation of the terms of his community corrections, and had been released from incarceration for less than two weeks at the time of his arrest on the new drug related offenses, the court revoked the Defendant's community correction sentence and ordered that the balance of the sentence be served in confinement. It is from this order of the trial court that the Defendant now appeals.

The trial court has the discretion to revoke a community corrections sentence upon a finding that the defendant has violated the conditions of the agreement. See Tenn. Code Ann. § 40-36-106(e)(4); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The court may then resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum provided for the offense committed, less any time actually served in any community-based alternative to incarceration. See Tenn. Code Ann. § 40-36-106(e)(4); State v. Samuels, 44 S.W.3d 489, 493 (Tenn. 2001).

The proof of a community corrections violation need not be established beyond a reasonable doubt; it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. See Harkins, 811 S.W.2d at 82-83. When revoking a community corrections sentence, the trial court must place its findings of fact and the reasons for the revocation on the record. See Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973).

The Tennessee Supreme Court has held that an abuse of discretion standard of appellate review should be used to address the revocation of a community corrections sentence. See Harkins, 811 S.W.2d at 82-83. Before a reviewing court is warranted in finding an abuse of discretion in a community corrections revocation, it must be established that the record contains no substantial

evidence to support the conclusion of the trial court that the defendant violated the terms of the community corrections program. See id.

At the hearing on the community corrections revocation warrant, the proof showed that the Defendant was out past his curfew with two other individuals when their automobile was stopped by police officers. The Defendant was a passenger in the backseat and illegal drugs were found hidden under the carpet between the two individuals in the front seat. The police officer who testified stated that he had arrested these two individuals "multiple times." No one claimed ownership of the drugs, so all three individuals were arrested and charged with possession of the drugs with intent to sell. Subsequently, the charges against the Defendant were dismissed. The Defendant testified at his hearing and stated that he had no knowledge that the illegal drugs were contained in the vehicle. He acknowledged that he was out past his curfew, and stated that he had simply obtained a ride with these individuals to take him to a store to purchase cigarettes. He stated that he took a chance on violating his curfew because he thought that if he was caught, he would receive only a verbal warning from his community corrections officer. In addition, he stated that he asked the other individuals in the car if they had any illegal substances, and he was assured that they did not.

In its order revoking the Defendant's community corrections sentence, the trial court included the following findings and conclusions:

> The affidavit in the Community Corrections violation states that the defendant violated the conditions of the program by receiving new charges. The Court acknowledges that the defendant was not convicted of these charges, however the Court is still able to consider these charges notwithstanding their disposition. A trial judge at a revocation hearing is not bound by an acquittal of a criminal offense which occurred after a suspended sentence is granted, when it appears that a defendant is guilty of conduct inconsistent with good citizenship . . . The defendant was charged with a drug related offense that occurred *after curfew*. The defendant should not have been in the automobile or in the company of those individuals. The Court finds that the defendant is in violation of Rule 3 of the Community Corrections agreement which states: "the offender shall not fraternize with any person who is a user or dealer or trafficker in an illegal controlled substance." The defendant has had two prior violations and was only on the Community Corrections program approximately two weeks before his arrest on new drug related offenses.
> Therefore, the Court finds that the Community Corrections violation should be sustained and the defendant's sentence placed into effect.

The evidence in the record supports the findings and conclusions of the trial court that the Defendant violated the terms of the Community Corrections Program. Based upon our review of the record, we cannot conclude that the trial judge abused his discretion when he ordered that the

balance of the Defendant's sentence be served in confinement.  The judgment of the trial court is accordingly affirmed.


_____
DAVID H. WELLES, JUDGE