IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2009

**STATE OF TENNESSEE v. ANTOINE DEVIN GRAY,
AKA ANTOINE DEVIN WEST**

**Appeal from the Circuit Court for Montgomery County
Nos. 40501164, 40701242, 40701428, 40701430      John H. Gasaway, Judge**

---

**No. M2009-00510-CCA-R3-CD - Filed December 10, 2009**

---

The Defendant, Antoine Gray, aka Antoine Devin West, challenges the sentencing decision of the Montgomery County Circuit Court. Following his guilty pleas to possession of less than .5 grams of cocaine with the intent to sell, aggravated assault, and misdemeanor evading arrest, the trial court imposed an effective five-year sentence to be served in the Department of Correction. On appeal, the Defendant asserts that his sentence is excessive. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Antoine D. Gray aka Antoine Devin West.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; John W. Carney, District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On January 17, 2008, the Defendant entered open pleas of guilty to possession of less than .5 grams of cocaine with the intent to sell, a Class C felony (Case No. 40701242); aggravated assault, a Class C felony (Case No. 40701428); and Class A misdemeanor evading arrest (Case No. 40701430). See Tenn. Code Ann. §§ 39-13-102; -16-603; -17-417. Also on January 17, the Defendant admitted to violating the terms of his probation in Case Number 40501164. In that case,

he had pleaded guilty to Class B felony cocaine possession and received a probated eight-year sentence. The Defendant has not included a copy of the transcript of the January 17 hearing in the record on appeal.[1]

Thereafter, the Defendant was granted a six-month furlough to attend and complete the Lighthouse Mission and Ministries program for drug rehabilitation. Further sentencing was stayed pending his participation in this program. However, the Defendant left the program and did not return to jail. A capias was issued for his arrest, and he was eventually apprehended.

A sentencing hearing was held on January 20, 2009. At the outset of the hearing, the trial court found that, in Case 40501164, the Defendant had violated the terms of his probated sentence by committing other crimes while on probation.

The twenty-two-year-old Defendant then testified. He admitted to violating his probation by perpetrating new crimes, and the Defendant confirmed that he had prior experience with the criminal court system. When asked what weapon he used during the commission of the aggravated assault, the Defendant replied that he used an object from the television stand to assault the victim.

The Defendant relayed that he had an alcohol and drug problem; his cocaine use began at the age of fourteen. He claimed that he was under the influence at the time he committed these crimes. When asked what impact his drug use had on his criminal behavior, the Defendant responded, "it's kind of like my adrenalin and stuff, . . . make me do things that I ain't supposed to really do, you know?" As for his departure from Lighthouse drug rehabilitation program, the Defendant stated that he had been kicked out due to an altercation and that he was still under the influence of drugs while in the program. While acknowledging his previous opportunity to attend drug rehabilitation, he submitted that this time he wanted "to get [his] life together. Get a job and get [his] GED and much more." He requested another chance to deal with his drug problem in a drug rehabilitation program at the Salvation Army.

At the conclusion of the hearing, the trial court ordered full revocation of the Defendant's eight-year sentence. In his remaining cases, the trial court imposed Range I sentences of five years for both of his Class C felony convictions (cocaine possession and aggravated assault) and a sentence of eleven months and twenty-nine days for his misdemeanor evading arrest conviction. Alternative sentencing was denied. These new sentences were to be served concurrently with one another but consecutively to his eight-year sentence, for a total effective sentence of thirteen years in the Department of Correction. This appeal followed.

**ANALYSIS**

The Defendant was convicted of possession of less than .5 grams of cocaine with the intent to sell and aggravated assault, which are Class C felonies. See Tenn. Code Ann. §§ 39-13-102(d);

---

[1] From the record, it does not appear that the trial court was presented with a copy of the transcript either.

-17-417(c). As a Range I, standard offender the Defendant's sentencing range was three to six years. See Tenn. Code Ann. § 40-35-112(a)(3). The trial court imposed enhanced sentences of five years. The Defendant argues that his sentence is excessive, requesting this Court to impose a minimum sentence of three years.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008).

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. Carter, 254 S.W.3d at 343. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to

binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at 344.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at 343; State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 254 S.W.3d at 345.

In setting the Defendant's sentences at five years, the trial court found that two enhancement factors applied to both of his convictions—that the Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range, and that the Defendant was on probation at the time he committed these offenses. See Tenn. Code Ann. § 40-35-114(1), (16). The trial court applied one additional factor to the Defendant's aggravated assault sentence—that the Defendant possessed or employed a deadly weapon during the commission of the offense. See Tenn. Code Ann. § 40-35-114(9). No mitigating factors were found applicable to the Defendant.

First, we note that failure to include the transcript of the guilty plea hearing in the record prohibits this Court from conducting a full de novo review of the sentence under Tennessee Code Annotated section 40-35-210(b). In any event, the trial court noted that the State relied "on personal injury or serious bodily injury rather than putting someone in fear" to support the Defendant's aggravated assault conviction. However, the presentence report provides that the aggravated assault was charged as use of "an object as a deadly weapon to cause serious bodily injury to" the victim. The judgment form simply provides for a conviction under section 39-13-102. However, without the transcript of the guilty plea hearing, it is impossible for this Court to make a certain determination of whether this enhancement factor was an element of the offense.

Nonetheless, the record before us supports the trial court's findings relative to the Defendant's criminal history and release status at the time he committed the present offenses. According to the presentence report, the Defendant's adult record consisted of misdemeanor convictions for simple possession of marijuana (two counts), driving on a revoked license (two counts), simple assault (three counts), evading arrest, theft of property, and domestic violence. The Defendant was on probation for eight years for Class B felony cocaine possession at the time he committed the aggravated assault and Class C felony cocaine possession, and the record shows that

two probation violation warrants were issued for the Defendant on this probated sentence. The twenty-two-year-old Defendant had spent most of his adult life in the criminal court system and had no significant employment history. Additionally, the trial court concluded that "there [was] no reasonable expectation that [the Defendant] would rehabilitate himself if he was placed back on release status . . . ." <u>See</u> Tenn. Code Ann. § 40-35-103(1). The Defendant had previously been given an opportunity to participate in a drug rehabilitation program, but he left the program and failed to return to jail.

Even if the trial judge did err in considering the deadly weapon enhancement factor, the Defendant's criminal history and probationary status are sufficient to support the sentence. We conclude that the trial court did not err or abuse its discretion in setting the Defendant's felony sentences at five years.

## CONCLUSION

Based on the foregoing reasoning and authorities, we conclude that the sentence as imposed is not excessive. The judgment of the Montgomery County Circuit Court is affirmed.

_____
DAVID H. WELLES, JUDGE