# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs September 13, 2011

## STATE OF TENNESSEE v. TRAVIS WAYNE LANKFORD

**Appeal from the Circuit Court for Marshall County**
**No. 2010-CR-60    Robert Crigler, Judge**

---

**No.  M2011-00319-CCA-R3-CD - Filed April 18, 2012**

---

Appellant, Travis Wayne Lankford, pled guilty in Marshall County to three counts of especially aggravated burglary, one count of robbery, one count of aggravated robbery, one count of assault and one count of criminal responsibility for aggravated assault.  At the sentencing hearing, the trial court merged two of the especially aggravated burglary convictions into the third especially aggravated burglary conviction and merged the criminal responsibility for aggravated assault into the aggravated robbery conviction.  At the conclusion of the sentencing hearing, the trial court sentenced Appellant to an effective sentence of sixteen years.  On appeal, Appellant argues that the trial court erred in setting the sentence length at twelve years each for the especially aggravated burglary conviction and the aggravated robbery conviction by placing too much weight on the enhancement factors used.  Appellant also argues that the trial court erred in imposing consecutive sentences. We have reviewed the record on appeal and conclude that the weighing of enhancement factors is in the discretion of the trial court under the law and that Appellant's record of extensive criminal activity supports the imposition of consecutive sentences.  Therefore, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Eric L. Davis, Franklin, Tennessee for the appellant, Travis Wayne Lankford.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Charles Crawford, District Attorney General, and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

In November 2009, Appellant, Travis Wayne Lankford, his wife, Laura Lankford, and an acquaintance, Michael Marlin, were visiting with each other. Mrs. Lankford said she wanted to get high and suggested they get some pills from the victim, Leigh Ann Taylor. Appellant reminded Mrs. Lankford that Ms. Taylor had previously "ripped them off" when she sold them aspirin and told them the pills were Percocet. When they later demanded their money back, Ms. Taylor told them there were no returns and refused to give them their money back. After this reminder, Mrs. Lankford said they should "get [Ms. Taylor] back" for the incident.

Appellant, Mrs. Lankford, and Mr. Marlin devised a plan. They would go to Ms. Taylor's house. When Ms. Taylor opened the door, Appellant would "bum rush" her and demand that she get the pills. When they arrived, Mrs. Lankford got Ms. Taylor to come to the door. Appellant ran through the door and pushed Ms. Taylor to the floor. They wrestled on the floor for a short time. When they stood up, Appellant demanded that Ms. Taylor get the pills she had in her possession. She complied. After she gave Appellant the pills, Appellant saw Mr. Marlin run out the front door carrying something in his shirt. When they got to the car, Appellant saw that Mr. Marlin had some lighters, knives, and marijuana.

After they left, Ms. Taylor yelled for Lones Allen Butler, the other victim, who was in the house at the time of the attack. There was no response. Ms. Taylor found Mr. Butler in the bathroom. He was unconscious and bleeding from his head. Ms. Taylor noticed that the bathroom had been destroyed. Mr. Butler's wallet was missing. It contained $150 and numerous credit cards. She also discovered that there was $5,600 missing from the house.

Mr. Butler was flown to Vanderbilt Hospital. He was in a coma for fourteen of the twenty-eight days that he was in intensive care. Mr. Butler sustained a skull fracture, a jaw fracture, and four fractured ribs. The attack resulted in nerve damage to Mr. Butler's right side, and he has very limited movement of his head and right arm. He also has uncontrollable movements of his head and some short term memory loss.

Ms. Taylor suffered a cut lip, several bruises, and emotional distress. At the time of the sentencing hearing, she was having severe anxiety and nightmares. She testified that she had lost confidence in herself.

According to Appellant, he did not know that Mr. Butler was in the house until they got back into the car and Mr. Marlin spoke about hitting someone. When Appellant was at

work the next day, his wife called and told him the extent of Mr. Butler's injuries. He and his wife left that night and drove to Gulf Shores, Alabama. While they were there, Appellant was arrested for a domestic altercation he had with his wife in a Waffle House.

At the January 2010 Session, the Marshall County Grand Jury indicted Appellant for three counts of especially aggravated burglary, one count of robbery, one count of aggravated robbery, one count of assault, and one count of criminal responsibility for aggravated assault. On November 17, 2010, Appellant entered an open plea to all charges.

On January 5, 2011, the trial court held a sentencing hearing. At the conclusion of the hearing, the trial court merged counts one and two of especially aggravated burglary into count three and merged criminal responsibility for aggravated assault into the aggravated robbery charge. The trial court then sentenced Appellant to twelve years each for the especially aggravated burglary and aggravated robbery convictions. The trial court ordered that Appellant serve these sentences concurrently. The trial court also imposed a four-year sentence for robbery and eleven months and twenty-nine days for assault. These sentences were ordered to run concurrently with each other and consecutively to the twelve-year sentence imposed for especially aggravated burglary. Therefore, the effective sentence was sixteen years.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in its application of enhancement factors and in ordering consecutive sentences. The State argues that the trial court did not err when sentencing Appellant. "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

## Length of Sentences

With regard to Appellant's effective sentence, we note that "[i]f . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Carter*, 254 S.W.3d. at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). In making its sentencing determination, a trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c). However, the weight given by the trial court to the mitigating and enhancement factors is left to the trial court's discretion and is not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, our appellate review of the weighing of the enhancement and mitigating factors was deleted when the factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that "the trial court appl[ied] inappropriate mitigating and/or enhancement factors or otherwise fail[ed] to follow the Sentencing Act, the presumption of correctness fails" and our review is de novo. *Carter*, 254 S.W.3d at 345.

On appeal, Appellant argues that "the trial court inappropriately gave greater weight than deserved to enhancement factors T.C.A. § 40-35-114(1) and (8)." As stated above, this is no longer a basis for appeal from the sentence imposed by a trial court. Therefore, this issue is without merit.

## Consecutive Sentences

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one offense, the trial court shall order the sentences to run either consecutively or concurrently. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to

sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; . . . .

T.C.A. § 40-35-115(b). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

Appellant also argues that the trial court erred in ordering consecutive sentences. The trial court based the imposition of consecutive sentences on factor (2), "the defendant is an offender whose record of criminal activity is extensive, . . . ." Appellant focuses on the fact that his prior convictions consist of misdemeanors.

At the time of the generation of Appellant's presentence report he was twenty-two years old. Between the ages of eighteen and twenty-two, Appellant had accrued fourteen misdemeanor convictions in Tennessee and the three convictions he accrued while in Gulf Shores. In addition, he had five probation violations.

This Court has previously held that misdemeanor convictions alone can support the imposition of consecutive sentences. *See State v. Steven W. Black*, No. E2010-00924-CCA-R3-CD, 2011 WL 208075, at *3 (Tenn. Crim. App., at Knoxville, Jan. 13, 2011), *perm. app. denied*, (Tenn. May 25, 2011); *State v. James Clifford Wright*, No. 01C01-9811-CC-00476, 1999 WL 994055, at *3 (Tenn. Crim. App., at Nashville, Oct. 29, 1999); *State v. Mark Crites*, No. 01C01-9711-CR-00512, 1999 WL 61953, at *6 (Tenn. Crim. App., at Nashville, Feb. 9, 1999). In addition, we point out that Tennessee Code Annotated section 40-35-115(b)(2) does not specify that a defendant's criminal activity be restricted to felony convictions. As stated above, in a five-year period, Appellant accrued seventeen misdemeanor charges and convictions and had five probation violations. We conclude that this is sufficient proof of extensive criminal activity to support the imposition of consecutive sentences.

Therefore, this issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE