IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

**STATE OF TENNESSEE v. RICHARD WAYNE FERGUSON**

**Appeal from the Circuit Court for Marshall County**
**Nos. 15-CR1, 15-CR2, 15-CR3, 15-CR4, 15-CR5, 15-CR6, 15-CR7, 15-CR8**
**Forest A. Durard, Jr., Judge**

_____

**No. M2015-01598-CCA-R3-CD – Filed June 27, 2016**

_____

Defendant, Richard Wayne Ferguson, pled guilty to twenty-seven felonies and three misdemeanors for property-related crimes committed in November and December of 2014. As a result, he was sentenced to an effective sentence of twenty-seven years as a Range I, standard offender. Defendant appeals his convictions, arguing that the sentences imposed by the trial court are excessive. After a review, we determine that the trial court did not abuse its discretion in sentencing Defendant to an effective sentence of twenty-seven years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, J., joined. NORMA MCGEE OGLE, J., concurring in results only.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Richard Wayne Ferguson.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Robert Carter, District Attorney General; and Weakley E. Bernard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In May of 2015, Defendant pled guilty in eight separate cases in Marshall County to a total of twenty-seven felonies and three misdemeanors for property-related crimes

that were all committed within approximately a five-week period of time.[1]  As a result of the convictions, the trial court sentenced Defendant to an effective sentence of twenty-seven years as a Range I, standard offender.

*Analysis*

Defendant now complains that his sentence is excessive because the trial court applied enhancement and mitigating factors "in a blanket fashion and enhanced a range one offender to the maximum sentence within the range beginning with [Defendant's second case]."  Further, he takes issue with what he describes as the trial court's failure "to specify how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence, and how those factors were applied to each of the convictions."  Defendant does not challenge the trial court's decision to run some of the sentences consecutively.

Appellate review of sentencing is for abuse of discretion.  We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act."  *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (extending presumption of reasonableness to determinations regarding the manner of service of a sentence).  In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the Administrative Office of the Courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make on the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment.  T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).  The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.  *See*

---

[1] Defendant pled guilty to three counts of auto burglary, three counts of theft of property valued at more than $1000 but less than $10,000, two counts of arson, six counts of aggravated burglary, six counts of felony vandalism, three counts of misdemeanor vandalism, one count of setting fire to property/land, one count of possession of an explosive, one count of burglary, one count of attempted burglary, two counts of theft of property valued more than $500 but less than $1000, and one count of theft of property valued more than $10,000 but less than $60,000.

*Bise*, 380 S.W.3d at 706 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, under *Bise*, a "sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 710; *State v. Leslie Warren Blevins*, No. M2013-01725-CCA-R3-CD, 2014 WL 3828027, at *4 (Tenn. Crim. App. Aug. 5, 2014), *perm. app. denied* (Tenn. Dec. 29, 2014).

At the sentencing hearing herein, the trial court noted that Defendant was a Range I, standard offender. The trial court applied enhancement factor (1), "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range to each of the offenses," to each of the offenses, T.C.A. § 40-35-114(1), giving it "greater weight . . . as time marches on and [Defendant has] delved deeper into this [criminal] activity." The trial court also applied enhancement factor (2), "[t]he defendant was a leader in the commission of an offense involving two (2) or more criminal actors," because Defendant drove himself and his codefendants to the locations of each of these offenses. T.C.A. § 40-35-114(2). The trial court applied enhancement factor (3), "[t]he offense involved more than one (1) victim," to the offenses in four of the cases, declining to apply it in the other cases either because there was not enough proof to determine the number of victims or because there was not more than one victim. T.C.A. § 40-35-114(3). The trial court gave "some weight" to enhancement factor (7), "[t]he offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement," T.C.A. § 40-35-114(7), finding that Defendant took "pictures of the criminal activity" for either a thrill or "just sheer stupidity." The trial court applied enhancement factor (8), "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community," and also applied enhancement factor (13)(C), the defendant was "released on probation" at the time of the offense, because the presentence report showed that Defendant was on probation for a conviction for theft of property valued at more than $1000 but less than $10,000 at the time the offenses were committed. T.C.A. § 40-35-114(8) & (13). Additionally, the trial court applied mitigating factor (1), that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury," T.C.A. § 40-35-113(1), even though he deemed Defendant's crimes "heightened property crime[s]," before sentencing Defendant within the range for each of the felony and misdemeanor convictions.

We agree that the trial court properly applied enhancement factor (8) based on the fact that Defendant was on probation at the time the offenses were committed. Further, without discussing the propriety of the remaining enhancement factors, even if the trial court misapplied the remaining enhancement factors, the defendant's within-range sentence is not invalidated. *See Bise*, 380 S.W.3d at 706; *Carter*, 254 S.W.3d at 345.

The trial court properly considered the purposes and principles of sentence. We conclude that the sentence does not violate those principles. It is a sentence "justly deserved in relation to the seriousness of the offense(s)," and imposed to prevent crime and promote respect for the law by restraining a defendant with a lengthy criminal history consisting of over thirty acts of criminal conduct. S*ee* T.C.A. § 40-35-102. Additionally, measures less restrictive than confinement have frequently or recently been applied unsuccessfully to Defendant. The trial court had clearly given a great deal of consideration to the sentence that was fashioned. The trial court was correct in observing that Defendant, along with his codefendants, "wreaked a lot of havoc" upon the citizens of Marshall County. We agree and conclude a total effective sentence of twenty-seven years is the "least severe measure necessary to achieve the purposes for which the sentence is imposed." *See* T.C.A. § 40-35-103.

Conclusion

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE