IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 22, 2008

## STATE OF TENNESSEE v. JESSIE EDWARD WEST

**Appeal from the Circuit Court for Lincoln County**
**Nos. S0700029, S0700015     Robert L. Holloway, Jr., Judge, by Interchange**

---

**No. M2007-02732-CCA-R3-CD - Filed October 6, 2008**

---

Upon his pleas of guilty, the Defendant, Jessie Edward West, was convicted of conspiracy (to commit arson), burglary, arson, vandalism (with damages of $60,000 or more), introduction of contraband into a penal institution, and escape from a penal institution (while being held for a felony).[1]  In exchange for his pleas of guilty, the State dismissed three misdemeanor counts of contributing to the delinquency of a minor and two misdemeanor counts of vandalism.  Following a sentencing hearing, the Defendant was sentenced as a Range I, standard offender to two years for conspiracy, a Class D felony, two years for burglary, a Class D felony, five years for arson, a Class C felony, three years for introducing contraband into a penal institution, a Class C felony, and ten years for vandalism causing damage of $60,000 or more, a Class B felony.  These sentences were ordered to be served concurrently.  He also was sentenced to two years for escape while being held for a felony, a Class E felony.  This sentence was ordered to be served consecutively to the other sentences.  The sentences are to be served in the Department of Correction.  In this appeal, the Defendant argues that his sentences are excessive.  We affirm the judgment of the trial court.

**Tenn. R. App. P. R3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined.
D. KELLY THOMAS, JR., J., filed a dissenting opinion.

William C. Barnes, Jr., Columbia, Tennessee, for the appellant, Jessie Edward West.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; Hollyn Hewgley and Ann L. Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

---

[1] See Tenn. Code Ann. §§ 39-12-103 (conspiracy); 39-14-301 (arson); 39-14-402 (burglary); 34-14-408 (vandalism); 39-16-201 (introducing contraband into a penal institution); 39-16-605 (escape).

**Facts**

We will briefly summarize the facts underlying the convictions which resulted in the sentences imposed against the Defendant. On the evening in question, the Defendant and three other individuals, two of whom were juveniles, had been riding around the countryside in an automobile, apparently knocking down mail boxes and otherwise enjoying themselves. During the course of the evening, the Defendant and his companions began talking about burning down a barn they had seen near one of the juvenile's homes. The barn contained a large quantity of hay and several items of farm-related equipment. The Defendant and one of his cohorts entered the barn, and each one started a fire inside at a different location. The barn and its contents were destroyed by the fire. On cross-examination at the sentencing hearing, the Defendant admitted that they burned the barn down just so they could watch it burn. When asked if he did it because he thought it would be exciting, the Defendant answered, "At the time, yes, sir."

The owner of the barn, a life-long farmer, stated that his damages exceeded $166,000, including the barn itself, approximately 400 rolls of wheat hay, a John Deere tractor, a John Deere front-end loader, a John Deere grain grill and a bush hog. He stated that insurance covered only $100,000 of the damages. He testified that he would have to delay his retirement because of his loss. In addition to his financial loss, the record reflects that the victim had suffered physiological and emotional damages, including the inability to sleep at night because of worry and concern that something else might be happening on his farm and increased worrying about his property any time he was away from it.[2]

The presentence report reflects that the Defendant was nineteen years old at the time he committed these offenses and was twenty years old at the time of sentencing. The Defendant is unmarried with no children. He dropped out of school in the tenth grade. He had previously been employed for about one year as a laborer at a saw mill. The presentence report reflects one previous criminal conviction, misdemeanor reckless endangerment, which the Defendant stated grew out of his unauthorized possession of a cigarette lighter while in jail awaiting disposition of the charges discussed herein. The report reflects a prior juvenile adjudication of delinquency for vandalism with damages less than $500. While on probation for this juvenile offense, the Defendant was twice found to be in violation of his probation. The Defendant admitted to using both alcohol and marijuana regularly since he was seventeen years old. At the time he committed the offenses herein, the Defendant had been smoking marijuana and had taken about three Xanax pills.

In determining the sentences for the convictions for conspiracy, burglary, arson and vandalism, the trial court stated that it was applying enhancement factor (1) a previous history of criminal convictions or criminal behavior, (6) the amount of damage to property of the victim was particularly great, (7) the offense was committed to gratify the Defendant's desire for pleasure or excitement, and (8) the Defendant had previously failed to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1),(6),(7), and (8). As a mitigating factor, the court stated it was applying mitigating factor (6) the Defendant, because of

---

[2] We note that the record on appeal contains no information about the facts pertaining to the escape conviction.

his youth, lacked substantial judgment in committing the offense. See Tenn. Code § 40-35-113(6). For the escape and introduction of contraband into a penal institution, the trial court stated it was applying enhancement factor (1) the Defendant's previous history of criminal convictions or criminal behavior and (8) the Defendant's previous failure to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1) and (8). The trial court also applied mitigating factor (6) based upon the Defendant's relative youth. See Tenn. Code Ann. § 40-35-113(6). The trial court directed that all sentences be served concurrently, except for the sentence for escape, which was required to be served consecutively. See Tenn. Code Ann. § 39-16-605(c). The trial court thus imposed an effective sentence of twelve years: ten years for his Class B felony vandalism conviction and two years for his Class E felony escape conviction. In this appeal, the Defendant argues that his sentences, particularly the ten-year sentence for vandalism and the two-year sentence for escape, are excessive in length.

**Analysis**

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Stacey Joe Carter, -- S.W.3d --, No. M2005-02784-SC-R11-CD, 2008 WL 2081247, at *8 (Tenn. May 19, 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 2008 WL 2081247, at *8.

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. Carter, 2008 WL 2081247, at *7. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendments to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at *7-8. The trial court's weighing of various mitigating and enhancing factors is left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at *8.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at *7; State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 2008 WL 2081247, at *8.

For the Class B felony conviction, the Defendant's sentencing range is eight to twelve years. Tenn. Code Ann. § 40-35-112(2). For each Class C felony, the range is three to six years. Tenn. Code Ann. § 40-35-112(3). For each Class D felony, the range is two to four years. Tenn. Code Ann. § 40-35-112(4). For the Class E felony, the range is one to two years. Tenn. Code Ann. § 40-35-112(5).

The Defendant argues that he is entitled to the presumption of the minimum sentence within the range of punishment. As we have noted, our sentencing law no longer mandates a presumptive sentence for convicted defendants. The Defendant argues that his single criminal conviction as an adult and his record of a single juvenile adjudication of delinquency are undeserving of much weight in determining his sentence. We conclude, however, that the record supports the application of enhancement factor (1). We again point out that the weight to be given to this enhancement factor is a matter addressed to the discretion of the trial court.

The Defendant also argues that because his vandalism conviction was a Class B felony based solely upon the large amount of damages caused by his crime, enhancement factor (6), the particularly great damage done to the victim's property, was inapplicable. However, the trial court noted that the amount of damage caused in this case, over $166,000, was far in excess of $60,000, the amount necessary to elevate the crime to a Class B felony. In our view, the record supports the application of this enhancement factor.

The Defendant also argues that there is no evidence to support enhancement factor (7), the crime was committed to gratify his desire for pleasure or excitement. However, as we have noted, the Defendant admitted that the barn was burned only because the perpetrators wanted to watch it burn and that, at the time, he thought it would be exciting. We conclude that the record supports the

-4-

application of this enhancement factor. The Defendant apparently does not challenge the trial court's application of enhancement factor (8), a previous failure to comply with the conditions of a sentence involving release into the community. The Defendant also argues that the trial court erred by not finding as a mitigating factor, that the Defendant being under the influence of drugs at the time that the crime was committed should mitigate his sentence. <u>See</u> Tenn. Code Ann. § 40-35-113(13). We conclude that the trial court did not err by declining to apply this as a mitigating factor.

In our view, the sentences imposed are justly deserved in relation to the seriousness of the offenses committed. Our review leads us to conclude that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration to the factors and principles set out under our sentencing law, and its findings of facts are adequately supported by the record. Accordingly, the Defendant's challenge to the length of his sentences is without merit.

## Conclusion

Based upon the foregoing, the judgment of the Lincoln County Circuit Court is affirmed.

_____
DAVID H. WELLES, JUDGE