# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 13, 2009

## STATE OF TENNESSEE v. JAMIE TENERIO RICE

**Appeal from the Criminal Court for Sumner County**
No. 326-2007    Dee David Gay, Judge

---

**No. M2008-00625-CCA-R3-CD - Filed February 23, 2009**

---

The Defendant, Jamie Tenerio Rice, appeals the sentencing decision of the Sumner County Criminal Court. Following his guilty plea to sale of .5 grams or more of cocaine, a Class B felony, the trial court imposed a nine-year sentence as a Range I, standard offender to be served in the Department of Correction. On appeal, the Defendant asserts that his sentence is excessive and that the trial court erred in denying alternative sentencing. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Michael Anderson, Assistant Public Defender, Gallatin, Tennessee, for the appellant, Jamie Tenerio Rice.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and Lytle Anthony James, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On January 18, 2008, the Defendant pleaded guilty to and was convicted of the sale of .5 grams or more of a substance containing cocaine. See Tenn. Code Ann. § 39-17-417(c)(1). The underlying facts, as recited at the guilty plea hearing, are as follows:

> [T]his [offense] occurred on October 25th of 2006. [The Defendant] was involved—or collaterally involved in an undercover buy operation in Sumner County, Tennessee, and he is the person who delivered the cocaine to the residence

to be sold. And he was stopped after the sale was made, and he had the marked money on his person that was used to make the buy.

Following the acceptance of the Defendant's guilty plea, the trial court conducted a sentencing hearing. Carolyn Meager with the Department of Probation and Parole testified that she prepared the presentence report in the Defendant's case. She testified that her search revealed that the Defendant was convicted on January 16, 2008, for possession of unlawful drug paraphernalia. The Defendant was on bond for the current offense when he was arrested for having drug paraphernalia in his possession.

Ms. Meager also testified that the Defendant was convicted of domestic violence on October 4, 2006, and was placed on probation. The Defendant was still serving this probation at the time of commission of the present offense. The Defendant's criminal history additionally included convictions for simple possession of marijuana in 2003, assault in 1997, and two counts of domestic violence in 1996.

During the interview with Ms. Meager, the Defendant stated that he had once been on probation with Gary Tessar. Mr. Tessar was asked about the Defendant's behavior while on probation and, according to Ms. Meager, Mr. Tessar reported that the Defendant never missed appointments, passed at least eleven drug screens, and "never gave him any trouble."

The State attached a probation violation warrant in connection with the October 4 domestic violence conviction. The warrant relayed that the Defendant failed to report to his probation officer (listed as Gary Tessar) and failed to report his arrest for the current offense. Another warrant for the 1997 assault and two 1996 domestic violence convictions was issued in January 1998. The Defendant's probation officer, Joseph I. Kerinuk, reported that the Defendant failed to report to his probation officer, tested positive for cocaine, failed to attend required domestic violence classes, and was in arrears for supervision and counseling fees.

The presentence report reflected that the Defendant was thirty-one years old at the time of sentencing and had four children, one daughter residing in Germany and the other children residing in Tennessee. He stated that he had not seen the daughter in Germany since she was five years old but that he saw the others regularly. He was married, but he and his wife had separated. The Defendant was living with his mother, but he and his wife were talking about reconciling. The Defendant described his family relationships as "extremely good and very beneficial."

The Defendant dropped out of high school after completing the tenth grade. Regarding his employment history, the Defendant first started working for Harper's Aluminum in September 1994 as an assembler/laborer. He worked there for seven years before leaving for a job that paid more money. He then worked for Crossroads Moving Co. as a mover for seven years, leaving due to personal conflicts. In 2007, he began working for Collier's Moving Co. as a mover, but his hours varied on an as needed basis. The Defendant also had a music studio and was preparing to get his business license renewed.

The Defendant admitted to consuming a twelve-pack of beer twice a week and drinking tequila occasionally, but he stated that he never drank enough to become intoxicated. At the age of eighteen, the Defendant began smoking marijuana daily and, at twenty-one, using cocaine. He relayed that he quit both in 2005, quitting cocaine because "it was time to change."

After hearing the evidence presented, the trial court imposed a sentence of nine years for the Defendant's conviction. The trial court also determined that the Defendant was not an appropriate candidate for alternative sentencing and ordered that his sentence be served in the Department of Correction. The Defendant filed the instant timely appeal.

## ANALYSIS

On appeal, the Defendant challenges the sentence as imposed by the trial court. First, he contends that his nine-year sentence is excessive. He also asserts that he was improperly denied an alternative sentence.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

## I. Length of Sentence

The Defendant was convicted of the sale of cocaine in the amount of .5 grams of more, which is a Class B felony. See Tenn. Code Ann. § 39-17-417(c)(1). As a Range I, standard offender the Defendant's sentencing range was eight to twelve years. See Tenn. Code Ann. § 40-35-112(a)(2). The trial court imposed a sentence of nine years.

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. Carter, 254 S.W.3d at 343. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at 344.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at 343; State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 254 S.W.3d at 345.

In setting the Defendant's sentence at nine years, the trial court applied the following enhancement factors: (1) The Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (8) The Defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (13) At the time the felony was committed, the Defendant was released on probation. See Tenn. Code Ann. § 40-35-114(1), (8), (13). No mitigating factors were found applicable to the Defendant.

-4-

On appeal, the Defendant argues that the trial court erred in applying enhancement factor (8). The court found this factor applicable in that the Defendant was arrested for possession of unlawful drug paraphernalia while released on bond for the current offense. We agree with the Defendant. This Court has previously held that release on bond is not a sentence involving release into the community. See State v. Demetrius Holmes, No. E2006-00393-CCA-R3-CD, 2006 WL 3628090, at *3 (Tenn. Crim. App., Knoxville, Dec. 14, 2006).

Despite the misapplication of enhancement factor (8), the sentence imposed is appropriate. The trial court properly enhanced the Defendant's sentence based upon his criminal history and because he was on probation when he committed the present offense. The Defendant had six misdemeanor convictions for assault, simple possession of marijuana, domestic violence, and possession of unlawful drug paraphernalia. The trial court also noted the Defendant's history of drug abuse, spanning several years. We conclude that the trial court did not err or abuse its discretion in enhancing the Defendant's sentence to nine years.

## II. Alternative Sentencing

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." Tenn. Code Ann. § 40-35-102(5), (6) (emphasis added). No longer is any defendant entitled to a presumption that he or she is a favorable candidate for alternative sentencing. Carter, 254 S.W.3d at 347.

The following considerations provide guidance regarding what constitutes "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense

committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. Tenn. Code Ann. § 40-35-103(5).

The Defendant's nine-year sentence resulted from his conviction for a Class B felony. Because the Defendant was convicted of a Class B felony, the legislative preference that the Defendant "should be" considered as a favorable candidate for alternative sentencing is not applicable. In light of his Class B felon status, it is the Defendant who bears the burden of establishing suitability for an alternative sentencing option.

Based upon our de novo review, we conclude that the record supports a sentence of total incarceration. The trial court denied an alternative sentence based upon the Defendant's lengthy criminal history and his demonstrated failure at past rehabilitative efforts. Contrary to the Defendant's assertions, the trial judge considered the Defendant's social history and the need for deterrence in its overall alternative sentencing decision, but the court did not rely on these as the bases for denial of an alternative sentence.

Again, the Defendant's criminal record included six misdemeanor convictions beginning in 1996 and continuing until the present. The Defendant was on probation for domestic violence at the time he committed the instant offense. The record included two violation warrants documenting additional criminal conduct by the Defendant. The Defendant also admitted to years of drug use. The trial court properly considered the sentencing principles and all relevant facts and circumstances. We cannot conclude that the trial court erred or abused its discretion by denying an alternative sentence.

## CONCLUSION

Based on the foregoing reasoning and authorities, we conclude that the sentence as imposed is not excessive that the trial court did not err in denying the Defendant an alternative sentence. The judgment of the Sumner County Criminal Court is affirmed.

_____
DAVID H. WELLES, JUDGE

-6-