# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 13, 2011 Session

## STATE OF TENNESSEE v. ROGER WEEMS HARPER

**Appeal from the Circuit Court for Montgomery County**
**No. 40801454    Michael R. Jones, Judge**

---

**No.  M2010-01626-CCA-R3-CD - Filed August 29, 2012**

---

Appellant, Roger Harper, was convicted by a Montgomery County jury of evading arrest. The trial court sentenced Appellant as a Range I, standard offender to three years and six months.  The trial court set the sentence to run consecutively to a five-year diversion sentence imposed under Tennessee Code Annotated section 40-35-313 that Appellant was serving from another case.  On appeal, Appellant argues that the trial court erred because: (1) the jury failed to specify that it found the aggravating factors required to find Appellant guilty of a Class D felony and furthermore, the trial court sentenced Appellant as if the conviction was a Class D felony; (2) Appellant's sentence is excessive due to the presence of mitigating factors that the trial court failed to find; and (3) the trial court erred in imposing consecutive sentencing.  We have reviewed the record on appeal and conclude that the trial court committed no error.  However, the judgment form must be corrected to reflect that Appellant was convicted of the Class D felony.  Therefore, we affirm Appellant's conviction and sentence but remand for the trial court to enter a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Carrie W. Gasaway and John E. Herbison, Clarksville, Tennessee, for the appellant, Roger Weems Harper.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; John W. Carney, District Attorney General, and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

On the evening of August 31, 2008, Sandra Hall was working as a delivery person for Domino's Pizza. Around 9:00 p.m., Ms. Hall arrived at the Regency Square Apartments in Clarksville to deliver two pizzas and an order of chicken wings. The delivery was to be made in Building G of the apartment complex. As she proceeded up the stairs in Building G, Ms. Hall encountered a man who pointed a gun at her and robbed her of the food and money she was carrying.

Ms. Hall ran back to her vehicle and called 911 from her cell phone. As she spoke to the police dispatcher, she remained in her vehicle and continued to observe the entrance to Building G. While watching the entrance, Ms. Hall saw a man whom she believed to be her assailant. Ms. Hall observed him enter a small white car and leave the apartment complex.

Clarksville Police Department Officers Jesse James and Gregory Rosencrants were at the apartment complex responding to another call. When they received information that there had been an armed robbery, they immediately attempted to make contact with Ms. Hall. When they found her, Officer James approached her on foot. Officer Rosencrants went to his patrol car to drive it to the area where Officer James was speaking with Ms. Hall. As Ms. Hall spoke to Officer James, she noticed that the small white car had returned. She pointed the car out to him.

Officer James immediately signaled to Officer Rosencrants, who was approaching in his patrol car, that the suspect was believed to be in the small white car. Officer Rosencrants caught up to the suspect vehicle and activated his emergency lights. The suspect vehicle sped away, and Officer Rosencrants gave chase. The pursuit reached speeds of eighty to ninety miles per hour. As the suspect vehicle attempted to negotiate a turn at a very high speed, the driver lost control and crashed. The driver then exited the vehicle and ran on foot. Officer Rosencrants caught the suspect and later identified him as Appellant, Roger Harper. Officers brought Ms. Hall to the scene of the crash, and she identified Appellant as the man who had robbed her.

In November of 2008, Appellant was indicted by the Montgomery County Grand Jury for one count of aggravated robbery; one count of evading arrest; one count of driving on a suspended, cancelled, or revoked license; one count of unlawful possession of a firearm; and one count of tampering with evidence. The driving on a suspended, cancelled, or revoked license charge was later dismissed. Following a jury trial, Appellant was convicted of the sole count of evading arrest. The jury acquitted Appellant of all of the other charges. The trial court sentenced Appellant as a Range I, standard offender to three years and six months.

The court set the sentence to run consecutively to a five-year sentence that Appellant was serving from another case.

## ANALYSIS
### Jury Verdict

On appeal, Appellant attacks his conviction for evading arrest. At trial, the jury's verdict form did not specifically state that the jury found that Appellant created a risk of death or bodily injury. The trial court subsequently entered a judgment finding Appellant guilty of a Class E felony. Appellant avers that the trial court erred when it determined that Appellant had been convicted of a Class D felony. The State argues that the jury's verdict resulted in a conviction of Class D evading arrest, when viewed in the context of the charged offense, arguments made by the attorneys, and the jury instruction.

Appellant was convicted of evading arrest in violation of Tennessee Code Annotated section 39-16-603, which states in pertinent part:

> It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the law enforcement officer to bring the vehicle to a stop.

T.C.A. § 39-16-603(b)(1). A violation of this statute is a Class E felony "unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties," in which case it is a Class D felony. T.C.A. § 39-16-603(b)(3).

The indictment charged that Appellant "did flee or attempt to elude Clarksville police officers after having received a signal to stop from said officers *and did thereby create a risk of death or injury to innocent bystanders or other third parties*" (emphasis added). By including the element of the creation of a risk of death or injury, the indictment charged Appellant with the Class D felony variant of evading arrest.

At trial, the trial court instructed the jury as follows:

> Count Two: Evading Arrest
> Any person who commits the offense of attempting to elude a law enforcement officer while operating a motor vehicle is guilty of a crime.

For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that the defendant was operating a motor vehicle on a street, road, alley or highway in this state; and

(2) that while the defendant was operating such vehicle, the defendant received a signal from a law enforcement officer to bring the vehicle to a stop; and

(3) that after receiving such signal, the defendant fled from the law enforcement officer; and

(4) that the defendant acted intentionally; and

(5) that the defendant's flight created a risk of death or injury to innocent bystanders or other third parties.

The jury was not instructed, nor did Appellant request that they be instructed, on the lesser included Class E felony offense of evading arrest. When the jury announced the verdict, the foreman stated:

We, the jury, find Roger W. Harper, guilty of evading arrest after receiving a signal to stop.

The trial court subsequently entered a judgment finding Appellant guilty of the Class E felony variant of evading arrest.

Understandably, there was some confusion at the sentencing hearing regarding the class of Appellant's conviction. The trial judge looked back over the record and determined that due to the inclusion of the "risk of death or injury" element in the indictment and jury instructions, Appellant had been convicted of a Class D felony. On appeal, Appellant argues that because the verdict form did not specifically state that the jury found the aggravating circumstances required to raise the evading arrest conviction from a Class E felony to a Class D felony, the trial court erred in finding that Appellant was convicted of a Class D felony. This contention must fail.

As stated above, the trial court specifically instructed the jury as to the Class D felony form of evading arrest by including the element of "risk of death or injury" in the jury charge. There was no instruction on a lesser included offense. "[W]here the trial court's instructions clearly and definitely set forth the elements upon which liability must be based, the failure to recite each element in the verdict form will not render the verdict invalid." *Goodale v. Landenberg*, 243 S.W.3d 575, 584 (Tenn. Ct. App. 2007). Therefore, we conclude that the jury found Appellant guilty of the Class D felony version of evading arrest.

The judgment form indicates that Appellant was convicted of a Class E felony. Although we affirm the trial court's judgment with respect to the finding that Appellant was convicted of a Class D felony, we must remand the case for entry of a corrected judgment.

*Excessive Sentence*

On appeal, Appellant argues that the trial court erred in sentencing Appellant because the trial court did not find mitigating factors that Appellant contends the record evinces. The State disagrees.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). We are to also recognize that Appellant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

[T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, our appellate review of the weighing of the enhancement and mitigating factors was deleted when the factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that "the trial court appl[ied] inappropriate mitigating and/or enhancement factors or otherwise fail[ed] to follow the Sentencing Act, the presumption of correctness fails" and our review is de novo. *Carter*, 254 S.W.3d at 345.

After a review of the transcript from the sentencing hearing, it is clear that the trial court considered the nature and characteristics of the criminal conduct involved, Appellant's history and background, the mitigating and enhancement factors, and the principles of sentencing. Therefore, there is a presumption that the trial court's determination is correct. The trial court applied one mitigating factor, that Appellant had a child and potential for employment, under Tennessee Code Annotated section 40-35-113(13). The trial court

attributed "some weight" to this factor. The trial court also applied two enhancement factors: that Appellant had "prior criminal convictions in addition to those necessary to establish the appropriate range," and that Appellant "was on some form of judicially ordered release." T.C.A. § 40-35-114(1), (13). After application of the mitigating and enhancement factors, the trial court sentenced Appellant to three years and six months.

Appellant argues that the trial court should have applied additional mitigating factors when sentencing him. Appellant states that the trial court should have also used the following assertions as mitigating factors: that "[Appellant]'s prior offenses were committed at age eighteen [which] suggests that [Appellant], because of youth, lacked substantial judgment in committing the offense," that Appellant acknowledged paternity of his infant daughter and had arranged for employment, and that "[Appellant]'s desire to support his child and to live with extended family would tend to show [Appellant]'s amenability to rehabilitation."

The record reflects that the trial court considered and dismissed each statutory mitigating factor other than the one that it applied. The trial court obviously did not find that, as Appellant suggests, Appellant lacked substantial judgment in committing the offense due to his youth. *See* T.C.A. § 40-35-113(6). Furthermore, as stated above, the trial court specifically considered that Appellant had a child and potential for employment. Appellant essentially argues that the trial court should have attributed more weight to this factor. However, the weight given to mitigating and enhancement factors is not a basis upon which a defendant may appeal to this Court. *See Carter*, 254 S.W.3d at 345.

Therefore, this issue is without merit.

*Consecutive Sentencing*

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one offense, the trial court shall order the sentences to run either consecutively or concurrently. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

The trial court considered the factors enumerated in Tennessee Code Annotated section 40-35-115(b) and concluded that Appellant's sentence should run consecutively to the sentence he was already serving because he was on post-trial diversion when he committed the crime for which the trial court was sentencing him. The record reflects that in its analysis, the trial court specifically considered the factors in the sentencing statute and concluded that Appellant's criminal history is extensive, but "[the history] is not one this Court would generally consider for consecutive sentencing." The trial court went on to say that Appellant's criminal history is "just not long enough in [the court's] mind to make it consecutive."

While the trial court did not find Appellant's criminal history alone to be extensive enough to warrant consecutive sentencing, the court applied Tennessee Code Annotated section 40-35-115(b)(6) and imposed consecutive sentencing. Under Tennessee Code Annotated section 40-35-115(b)(6), the trial court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "the defendant is sentenced for an

offense committed while on probation." At the sentencing hearing, when referring to this provision, the trial court stated:

> Splitting hairs there, post-trial diversion–released into the community. At that point when he committed this crime, to me that is as serious as being on a probation, so I am going to find that [subsection] six applies.

The trial court ended the analysis here and ordered consecutive sentencing.

The trial court held that Appellant's post-trial diversion was "just as serious" as probation and used that fact to support the imposition of consecutive sentences. We conclude that the trial court's conclusion that post-trial diversion is the equivalent of probation for purposes of imposing consecutive sentences is correct.

This Court has previously held that post-trial diversion is the same as probation. In *State v. Norris*, 47 S.W.3d 457 (Tenn. Crim. App. 2000), in reference to the post-trial diversion statute, this Court stated the following:

> In actuality, the statute is a "probation" statute. *Id.* It is captioned as such and is inserted in the Code "immediately after the provisions dealing with other forms of probation." *State v. Talmadge G. Wilbanks*, No. 02C01-9601-CR-00003, slip. op. at 5-6, 1996 WL 668119 (Tenn. Crim. App., Jackson, Nov. 19, 1996), *perm. app. denied* (Tenn. 1997). Section 40-35-313 prescribes probation during the deferral period.

*Norris*, 47 S.W.3d at 462.

Therefore, we conclude that the trial court properly relied upon Appellant's post-trial diversion status for the imposition of consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(6).

Therefore, this issue is without merit.

## CONCLUSION

For the foregoing reasons, Appellant's conviction and sentence are affirmed. The case is remanded for the correction of the judgment.


_____
JERRY L. SMITH, JUDGE