IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2012

## STATE OF TENNESSEE v. TERRANCE GABRIEL CARTER

**Appeal from the Circuit Court for Marshall County**
**No. 2011-CR-44 & 2011-CR-69    Robert Crigler, Judge**

_____

### No.  M2011-02331-CCA-R3-CD - Filed September 26, 2012

_____

Appellant, Terrance Gabriel Carter, pled guilty in Marshall County to five counts of violating the sex offender registration act in two separate cases with the length and manner of service of sentence to be determined by the trial court after a sentencing hearing.  Appellant was sentenced to an effective sentence of five years.  Appellant appeals his sentence, arguing that it is excessive.  After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed**

DONALD P. HARRIS, SR. J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J. , joined.

William J. Harold, Assistant Public Defender, Lewisburg, Tennessee, for the appellant, Terrance Gabriel Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellant, State of Tennessee.

### OPINION

_Factual Background_

Appellant was indicted by the Marshall County Grand Jury in April of 2011 for two counts of violating the sex offender registration act, a Class E felony.  Appellant pled guilty to both counts of the indictment in June of 2011, with the manner and length of service of the sentences to be determined by the trial court after a sentencing hearing.

At the plea hearing, the prosecutor explained the factual basis for the indictment as follows:

> After being declared a sexual offender here in the [S]tate of Tennessee on or about the first day of September of 2009, through the 31ˢᵗ day of December of 2010, [Appellant] did fail to report and register as a sex offender to the Marshall County's office here. And also, during that same time period, [he] changed residences and failed to report that within the 48 hour time period. . . .

In August of 2011, prior to the sentencing hearing in the first case, Appellant was indicted by the Marshall County Grand Jury for three violations of the sexual offender registration act, each a Class E felony. These violations occurred on July 13, 2011. Appellant pled guilty in an open plea to the three counts of the second indictment on September 21, 2011.

Again, at the plea hearing, the prosecutor relayed the factual basis for the indictment. He stated the following:

> This is a three-count indictment . . . wherein on or about the 13ᵗʰ day of July, 2011, [Appellant] was visited, I believe, by a local detective and reporting officer and probation officer wherein they discovered in conversation with him that he had moved residence and had not reported the change within the 48-hour time period as alleged in count 1. In count 2, that the new residence was within 1,000 feet of a school, that being Marshall County High School. And [in] count 3, there was a minor child living in that residence that he was aware of and would also be a violation of the sex offender registry.

At a sentencing hearing, the trial court heard testimony from Appellant's sister, Clarissa Carter. Ms. Carter testified that her brother had been working at a pet store for almost two years. She admitted that her brother lived with her until he was told he had to move because of his proximity to a school and because her son was living with them. Ms. Carter acknowledged that Appellant was not supposed to be around children. Appellant did not present any more witnesses.

After reviewing the proof, the trial court sentenced Appellant to one year and nine months as a Range I, standard offender in the first case, and to three years and three months as a Range II, multiple offender in the second case. The trial court ordered the sentences to be served consecutively, for a total effective sentence of five years. The trial court noted that Appellant had a lengthy criminal history including at least one probation violation and

several prior convictions for attempted violation of the sexual offender registry. Additionally, the trial court noted that Appellant was on probation when the offenses in the first case occurred and out on bond when the offenses in the second case were committed. As a result, the trial court found that the following enhancement factors applied: (1) that Appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range; (8) Appellant had previously failed to comply with the conditions of a sentence involving release into the community; and (13) Appellant was on bond at the time of the commission of the offense. T.C.A. § 40-35-114(1), (8), and (13). The trial court mitigated the sentences on the basis that Appellant's conduct did not threaten or cause serious bodily injury. T.C.A. § 40-35-113(1). The trial court also gave Appellant credit for a "steady work history." The trial court determined that consecutive sentences were necessary because Appellant was out on bond when he committed the offenses in the second case and because his criminal history is extensive. The trial court made additional findings that the consecutive sentencing was justly deserved based on the seriousness of the offenses and no greater than the punishment deserved by Appellant. The trial court denied alternative sentencing noting that Appellant had previously failed at an alternative sentence and because confinement was necessary to protect society from Appellant, who had a long history of criminal conduct.

Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant challenges the sentences as excessive. As we understand his position, he does not challenge the trial court's finding that he was a Range II offender for the offenses committed in Case No. 2011-CR-69 but, more specifically, insists that the trial court inappropriately weighted the enhancement and mitigating factors, resulting in a sentence that was excessive. The State disagrees.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "[t]he burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

*Length of Sentences*

In making its sentencing determination, a trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c). However, the weight given by the trial court to the mitigating and enhancement factors is left to the trial court's discretion and is not a basis for reversal of the sentence imposed by an appellate court. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, appellate review of the trial court's weighing the enhancing and mitigating factors was eliminated when these factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the

application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors, however, is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancing factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancing factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001).

On appeal, Appellant argues that the trial court improperly "enhanced [his sentence] to the higher end of range II." As stated above, the trial court in this case found, as enhancement factors, that Appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range; that he had previously failed to comply with the conditions of a sentence involving release into the community; and that Appellant was on bond at the time of the commission of the offense. These are appropriate enhancing factors as set forth in Tennessee Code Annotated section 40-35-114, subsections (1), (8), and (13). The trial court also found, as mitigating factors, that Appellant's conduct did not threaten or cause serious bodily injury (T.C.A. § 40-35-113(1)) and that he had a "steady work history." Both the enhancing and mitigating factors found by the trial court were supported by the evidence which was presented. Thus, as previously stated, the weight given these factors by the trial court is no longer reviewable by this court on an appeal from the sentence imposed so long as the sentence is imposed in a manner consistent with the purposes and principles set out in Tennessee Code Annotated sections 40-35-102 and 40-35-103 of the 1989 Sentencing Act. In this case, the Appellant was convicted of two counts of child molestation in Fulton County, Georgia, in 1988 and was sentenced to ten years on each count. Since that time, Appellant has had four separate convictions relating to his violation of the Tennessee sexual offender registration requirements. The cases before the trial court were the fifth and sixth violations of those requirements by the Appellant. We are unable to conclude that the sentences imposed by the trial court failed to comply with the purposes and principles of the sentencing act. This issue is, therefore, without merit.

*Consecutive Sentences*

Appellant does not overtly argue that the trial court erred in ordering consecutive sentences but complains in general terms about his excessive punishment. We note that the Appellant was on bail after indictment for the offenses charged in Case No. 2011-CR-44 when the offenses charged in Case No. 2011-CR-69 were committed. Tennessee Code Annotated section 40-20-111(b) provides:

In any case in which a defendant commits a felony while the defendant was released on bail in accordance with the [bail bonding] provisions . . . and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Similarly, Rule 32(c)(3)(C), Tennessee Rules of Criminal Procedure, makes consecutive sentencing mandatory where one is sentenced "for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses. . ." The trial court relied, in part, on the fact Appellant was on bail for the first set of offenses when the second set of offenses was committed in determining consecutive sentences were appropriate. The Code section cited and the Rules of Criminal Procedure requires consecutive sentencing in such cases.

The trial court also considered the criteria set forth in Tennessee Code Annotated section 40-35-115(a) in determining whether the sentences imposed should be run consecutively or concurrently. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that the "defendant is an offender whose record of criminal activity is extensive" or that the "defendant is sentenced for an offense committed while on probation." T.C.A. § 40-35-115(b)(2) and (6). While, in our view, consecutive sentencing was mandatory, the trial court also based the imposition of consecutive sentences on these criteria. We note that at the time Appellant's presentence report was prepared he was forty years old and had nine prior convictions in Tennessee and two convictions for child molestation in Georgia. Among these convictions were several violations of probation. Additionally, Appellant was on probation at the time of the commission of the offenses. We conclude that there is sufficient proof in this record for the court to have ordered consecutive sentences on the basis of either Tennessee Code Annotated section 40-20-111(b) or section 40-35-115(b).

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

_____
DONALD P. HARRIS, SPECIAL JUDGE

-6-